## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Mark Trimm,** | : | **CASE NO. 3:10CV01602** |
| | : | |
| **Plaintiff,** | : | **Judge James G. Carr** |
| | : | |
| **vs.** | : | |
| | : | |
| **Fifth Third Mortgage Company,** | : | **FIFTH THIRD MORTGAGE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |
| | : | |
| **Defendant.** | : | |

Now comes Defendant Fifth Third Mortgage Company ("Fifth Third") and for its answer to Plaintiff's Complaint states as follows:

1.      With respect to that portion of Plaintiff's Complaint titled "Parties," Fifth Third admits that the address listed for Fifth Third is a business address of Fifth Third and is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

2.      With respect to that portion of Plaintiff's Complaint titled "Statement of Cause," Fifth Third admits only that Plaintiff entered into a mortgage loan with respect to 4603 Skelly Road, Toledo, Ohio 43623 (the "Property").  Fifth Third denies all other allegations asserted therein.

3.      With respect to that portion of Plaintiff's Complaint titled "In Brief," Fifth Third denies all allegations relating to Fifth Third or its conduct asserted therein. Fifth Third further states that no response is required to the remaining allegations.  To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

4.      With respect to that portion of Plaintiff's Complaint titled "Carefully Crafted Criminal Connivance: The Best of Intentions," Fifth Third denies all allegations relating to Fifth Third or its conduct asserted therein.  Fifth Third states that no response is required to the remaining allegations.   To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

5.      With respect to that portion of Plaintiff's Complaint titled "Carefully Crafted Criminal Connivance: How It Works," Fifth Third admits only it is the holder of a promissory note executed by Plaintiff for $186,920.00 at 6.00% interest rate, payable over 30 years.  Fifth Third states that no response is required to the remaining allegations.  To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

6.      With respect to that portion of Plaintiff's Complaint titled "Petitioner Will Prove the Following," Fifth Third denies all allegations asserted therein.

7.      With respect to that portion of Plaintiff's Complaint titled "Petitioner Seeks Remedy," Fifth Third states that no response is required to the allegations asserted therein.  To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

8.      With respect to that portion of Plaintiff's Complaint titled "Petitioner Seeks Remedy: Petitioner Has Been Harmed," Fifth Third denies all allegations asserted therein.

9.      With respect to that portion of Plaintiff's Complaint titled "Statement of Claim: Defendants Lacks Standing: No Evidence of Contractual Obligation," Fifth Third denies all allegations asserted therein.

10.     With respect to that portion of Plaintiff's Complaint titled "Statement of Claim: Defendants Lacks Standing: No Proper Evidence of Agency," Fifth Third denies all allegations asserted herein.

11.     With respect to that portion of Plaintiff's Complaint titled "Statement of Claim: Defendants Lacks Standing: Special Purpose Vehicle," Fifth Third denies all allegations asserted therein.

12.     With respect to that portion of Plaintiff's Complaint titled "Statement of Claim: Criminal Conspiracy and Theft," Fifth Third denies all allegations asserted therein.

13.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Agent Practiced Up-Selling," Fifth Third denies all allegations asserted therein.

14.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Fraudulent Inducement," Fifth Third denies all allegations asserted therein.

15.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Extra Profit on Sale of Predatory Loan Product," Fifth Third denies all allegations asserted therein.

16.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Extra Profit on Sale of Predatory Loan Product: Extra Commission for Late Payments," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein.  Fifth

Third further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted therein and therefore denies same.

17.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Extra Profit on Sale of Predatory Loan Product: Extra Income for Handling Foreclosures," Fifth Third denies all allegations asserted therein.

18.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Extra Profit on Sale of Predatory Loan Product: Credit Fault Swap Gambling," Fifth Third denies all allegations asserted therein.

19.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Attempting to Fraudulently Collect on Void Lien," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein.  Fifth Third further states that no response is required to the remaining allegations.  To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies same.

20.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Profit by Credit Faults Swap Derivatives," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and the remaining allegations asserted therein and therefore denies same.

21.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Charged False Fees," Fifth Third admits only that the fees set forth following line 314 and preceding line 315 of Plaintiff's Complaint were listed on the settlement statement. Fifth Third denies all remaining allegations asserted in said portion of Plaintiff's Complaint.

22.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: RESPA Penalty," Fifth Third denies that it did not provide Plaintiff with all documents required by law.  Fifth Third further states that no response is required to the remaining allegations.  To the extent such response is required, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted therein and therefore denies same.

23.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Split Note," Fifth Third denies all allegations asserted therein.

24.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Improper Fees for Second Note," Fifth Third denies all allegations asserted therein.

25.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: RESPA Penalty," Fifth Third states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted therein and therefore denies same.

26.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Conspired with Appraiser," Fifth Third denies all allegations asserted therein.

27.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Lender Conspired with Trustee," Fifth Third denies all allegations asserted therein.

28.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Deceptive Advertising and Other Unfair Business Practices," Fifth Third denies all allegations asserted therein.

29.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Equitable Tolling for TILA and RESPA," Fifth Third states that no response is necessary to the extent Plaintiff asserts legal conclusions herein.  To the extent Plaintiff makes factual allegations and as to all remaining allegations asserted therein, Fifth Third denies said allegations.

30.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Business Practices Concerning Disregarding of Underwriting Standards," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

31.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Business Practices Concerning Disregarding of Underwriting Standards: Low-Documentation/No-Documentation Loans," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

32.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Business Practices Concerning Disregarding of Underwriting Standards: Easing of Underwriting Standards," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

33.     With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Business Practices Concerning Disregarding of Underwriting Standards: Risk Layering,"

Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

34.    With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Unjust Enrichment," Fifth Third denies all allegations asserted therein.

35.    With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Claim to Quiet Title," Fifth Third denies all allegations relating to Fifth Third, its conduct, or its interest in the Property and related promissory note asserted therein.  Fifth Third further states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

36.    With respect to that portion of the Plaintiff's Complaint titled "Statement of Claim: Sufficiency of Pleading," Fifth Third denies all allegations asserted therein.

37.    With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Breach of Fiduciary Duty," Fifth Third denies all allegations asserted therein.

38.    With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Cause of Action – Negligence/Negligence Per Se," Fifth Third denies all allegations asserted therein.

39.    With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Agent: Common Law Fraud," Fifth Third denies all allegations relating to Fifth Third and its conduct asserted therein and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

40.     With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Petitioner Properly Averred a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing," Fifth Third denies all allegations asserted therein.

41.     With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Cause of Action Violation of Truth in Lending Act 15 U.S.C. §1601 *et seq*," Fifth Third states that no response is necessary to the extent Plaintiff asserts legal conclusions herein.  To the extent Plaintiff makes factual allegations and as to all remaining allegations asserted therein, Fifth Third denies said allegations.

42.     With respect to that portion of the Plaintiff's Complaint titled "Causes of Action: Intentional Infliction of Emotion Distress," Fifth Third denies all allegations asserted therein.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to states a claim against Fifth Third upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to add all necessary parties.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Parol Evidence Rule.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his own fraud and/or negligence and/or other misconduct and/or course of dealing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to plead fraud with the specificity required by the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Fifth Third reserves the right to plead additional defenses as they become known to it through the course of discovery.

Respectfully submitted,

/s/ Stacy A. Cole
**Harry W. Cappel** (0066513)
**Stacy A. Cole** (0080075)
*Attorneys for Fifth Third Mortgage Company*

*Of Counsel:*

| | |
|---|---|
| GRAYDON HEAD & RITCHEY LLP | GRAYDON HEAD & RITCHEY LLP |
| 1900 Fifth Third Center | 1900 Fifth Third Center |
| 511 Walnut Street | 511 Walnut Street |
| Cincinnati, OH 45202-3157 | Cincinnati, OH 45202-3157 |
| Phone: (513) 621-6464 | Phone: (513) 629-2838 |
| Fax: (513) 651-3836 | Fax: (513) 651-3836 |
| | E-mail: scole@graydon.com |

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned does hereby certify that a true and accurate copy of the foregoing was filed with the Court's CM/ECF system and served via regular U.S. Mail, postage prepaid, this 13th day of August, 2010, upon the following:

Mark Trimm
4603 Skelly Road
Toledo, Ohio 43623

                                        /s/ *Stacy A. Cole*
                                        **Stacy A. Cole** (0080075)

2729340.2