IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK TRIMM | ) | CASE NO. 3:10CV1602 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| FIFTH THIRD MORTGAGE COMPANY | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Mark Trimm filed this action under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1602, the Home Ownership Equity Protection Act ("HOEPA") 15 U.S.C. § 1639 et seq., the Real Estate Settlement Procedures Act (RESPA"), 12 U.S.C. § 2601 et seq. and the Deceptive Practices Act ("DPA"), 15 U.S.C. § 45. Included are state claims for conspiracy, breach of fiduciary duty, common law fraud, fraud by non-disclosure, tortious acts of conspiracy and theft, unjust enrichment, claim to quiet title, negligence/negligence per se, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress. The Complaint aries out of an alleged wrongful refinancing of a mortgage and pending foreclosure. Plaintiff has also filed a Motion for Temporary Restraining Order (ECF 2), a Petition for Preliminary Injunction (ECF 3) and a Motion for Default Judgment. (ECF 6).

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Under Federal

Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "*Pro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006)(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the reasons stated below, this action is dismissed.

## DPA

Plaintiff alleges that the Defendant has engaged in a variety of unfair and unlawful business practices prohibited by 15 U.S.C. § 45. He asserts that such conduct comprises a pattern of business activity within the meaning of such statute and caused Plaintiff to suffer economic and non-economic harm. The Sixth Circuit, along with other circuits, has held that a private party may not bring an action under the Federal Trade Commission Act, 15 U.S.C. § 45.[1] *Federal Trade Com'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988); (*Morales v. Walker Motors Sales, Inc*. 162 F.Supp.2d 786, 790 (S.D.Ohio,2000)(citing *American Airlines v. Christensen*, 967 F.2d 410 (10th Cir.1992); *Fulton v. Hecht,* 580 F.2d 1243 (5th Cir.1978); *Alfred Dunhill, Ltd. v. Interstate Cigar Co.,* 499 F.2d 232 (2nd Cir.1974); *Holloway v. Bristol-Myers Corp.,* 485 F.2d 986 (D.C.Cir.1973); *Carlson v. Coca-Cola Co.,* 483 F.2d 279 (9th Cir.1973)). Because Plaintiff has no standing to bring this claim, it must be dismissed. *Nuckols v. Meijer, Inc.*, 2007 WL 1840157 * 1 (E.D. Mich., Jun. 26, 2007).

---

[1] Plaintiff has termed the Federal Trade Commission Act as the Deceptive Practices Act. *See Bell v. SunTrust Mortg. Inc*, 2009 WL 2913690 * (E.D. Tenn. Sep. 2, 2009)(court is unaware of any act entitled"The Deceptive and Unfair Trade Practices Act").

**TILA, HOEPA, RESPA**

Plaintiff alleges that Defendant failed to provide documentation at settlement for the first and second notes to show fees charged were necessary, reasonable and proper and filed to provide him a Notice of Right to Cancel in violation TILA. HOEPA provides requirements for certain mortgages including specific disclosures, no prepayment penalty and limitations after default. Examination of the Complaint shows that there are no allegations regarding the specific disclosures required by HOEPA. Plaintiff seeks monetary damages based on alleged violations of TILA and HOEPA. In *Rust v. Quality Car Corral*, 614 F.2d 1118, 1119 (6th Cir.1980) the Sixth Circuit held that if a complaint is not filed within the time period prescribed by the TILA statute of limitations, a federal court has no jurisdiction to entertain it, and Federal Rules of Civil Procedure do not alter this fundamental premise. *See Golliday v. First Direct Mortg. Co., Inc.*, 2009 WL 5216141 * 4 (W.D. Mich., Dec. 29, 2009) (in addition to determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss TILA and RESPA actions on the basis of the running of the statute of limitations, when this defect is apparent on the face of the complaint). An action under TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).There is nothing in the Complaint indicating when the alleged violations occurred. However, Plaintiff asserts that equitable tolling applies to any statute of limitations question. *El-Fil v. Countrywide Home Loans, Inc*., 2009 WL 4946259 * 1 (E.D. Mich., Dec. 14, 2009). TILA allows a court to rescind a mortgage loan. But, according to the statute, the obligor's right of rescission expires three years after the date of the consummation of the transaction. 15 U.S.C. § 1635(f). A mortgage loan is deemed consummated at closing. *Id*.

The one year statute of limitations set forth in TILA codified at 15 U.S.C. § 1640(e), also

applies to HOEPA claims. *See* 15 U.S.C. §§ 1639, 1640(e);  *Girgis v. Countrywide Home Loans, Inc*., 2010 WL 3290985 * 6 (N.D. Ohio, Aug. 20,  2010) (Since HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies). Section 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.' " *Thielen v. GMAC Mortg. Corp*., 671 F.Supp.2d 947, 953 (E. D .Mich., 2009) ( quoting Wilke v. Vertrue, 566 F.3d 590, 593 (6th Cir. 2009)).

Defendant allegedly violated RESPA because the Good Faith Estimate was not within limits, the HUD-1 Booklet was not provided, the Truth-in-Lending Statement was not within the limits compared to the note, the Truth-in-Lending Statement was not timely, and there was no first Payment Letter. Moreover, the closing documents were incomplete. The limitations period for violations of RESPA's disclosure requirements is three years. 12 U.S.C. § 2614. *Golliday*, 2009 WL 5216141 at *  6. Since Plaintiff has raised equitable tolling, the  Court accepts that the violations claimed in the Complaint would be barred by the applicable statute of limitations.

HOEPA and TILA limitations statute may be subject to equitable tolling. *Smith v. Encore Credit Corp,* 623 F Supp.2d 910, 920 (N.D. Ohio, 2008). The Sixth Circuit noted that it has not yet ruled on the question of whether the RESPA statute of limitations is subject to equitable tolling. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 422 (6th Cir.2009). However, the court found that federal statutes "are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." *Zigdon v. LVNV Funding, LLC,* 2010 WL 1838637 * 6 (N.D.

Ohio Apr. 23, 2010) (*quoting Young v. United States,* 535 U.S. 43, 49 (2002)). When equitable tolling is considered, the one-year period begins to run when the borrower discovers or had reasonable opportunity to discover the fraudulent concealment of charges. *Borg v. Chase Manhattan Bank USA, NA,* 247 Fed.Appx. 627, 633 (6th Cir.2007) (citing *Jones v. TransOhio Sav. Ass'n,* 747 F.2d 1037, 1041 (6th Cir.1984)).

In order to prove equitable tolling, a plaintiff must show "not only that he exercised due diligence to discover his cause of action prior to the running of the statute, but also that the Defendant was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence." *Girgis,* 2010 WL 3290985 at * 5 (quoting *Hughes v. Cardinal Fed. Savings and Loan Ass'n,* 566 F.Supp. 834, 838 (S. D. Ohio, 1983)). The following five factors are used to determine whether equitable tolling is appropriate: "1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Girgis,* 2010 WL 3290985 at * 8 (quoting *Truit v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998)). Also , "in order to establish equitable tolling by the doctrine of fraudulent concealment, [plaintiffs] must allege and establish that 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants' concealment prevented plaintiffs from discovering the cause of action within the limitations period; and 3) until discovery, plaintiffs exercised due diligence in trying to find out about the cause of action." *Girgis,* 2010 WL 3290985 at * 8 (quoting *Egerer,* 556 F.3d at 422).

Plaintiff alleges that the limitations period for damages under TILA and RESPA should be tolled because of Defendant's misrepresentations and failure to disclose. He states that he received

5

a listing of charges at settlement. He now wants to show that the fees were not necessary or reasonable. Plaintiff received the settlement terms and had the opportunity to examine them at that time or within the limitation period. He has not alleged there was no way for him to know about the alleged fraudulent concealment prior to being sued for foreclosure or lack of notice of the filing requirement nor has he shown due diligence in pursuing his rights. He merely contends that Defendant's did not comply with TILA, HOEPA and RESPA. Therefore, equitable tolling does not apply to Plaintiff's federal claims.

Accordingly, for the reasons set forth above, this action is dismissed. Plaintiff's Motions for Temporary Restraining Order, for Preliminary Injunction and for Default Judgment are denied. When a federal claim against the defendants is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966). Since the Court has granted judgment on the federal claim, the state pendent claims are hereby dismissed pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

IT IS SO ORDERED**.**


Date:   September 3, 2010                                S/ JUDGE JAMES G. CARR
                                                         UNITED STATES DISTRICT JUDGE